IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO R. WILLIAMS,

    Petitioner,                   No. 2:12-cv-1588 LKK CKD P

    vs.

UNKNOWN,

    Respondent.               ORDER AND

                                             FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error." Rule 4, Advisory Committee Notes, 1976 Adoption; see

1

Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner states that in August 2009, following a jury trial in the Solano County Superior Court, he was convicted of second degree murder with firearm enhancements and sentenced to a state prison term of 40 years to life.  (Dkt. No. 1 ("Ptn.") at 4.)  As Ground One in his federal habeas petition, he has written "2nd Degree Murder," with the following supporting facts: "Shearell Dillon died from a gunshot wound to the chest.  Before dying, Shearell Dillon said the shot to her chest was by accident." (Id. at 8.)  As Ground Two, petitioner writes: "Second Degree Murder of a Fetus," with the following supporting facts: "Shearell Dillon was 4 months pregnant with my child."  (Id. at 11.)  As Ground Three, petitioner writes: "25 to life gun enhancement," with the following supporting facts: "A firearm was discharged in a murder."  (Id. at 12.)

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Petitioner has not alleged any such violations, and the factual and legal grounds of his claims cannot be determined from the petition.  Accordingly, the undersigned will recommend that the petition be summarily dismissed pursuant to Rule 2(c).

In accordance with the above, IT IS HEREBY ORDERED that petitioner's request for leave to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED THAT the petition (Dkt. No. 1) be summarily dismissed pursuant to Rule 2(c).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 31, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will1588.Rule2(c)