IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO R. WILLIAMS,

    Petitioner,                   No. 2:12-cv-1588 LKK CKD P

    vs.

UNKNOWN,

    Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 18.) The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

        After reviewing the petitioner's amended petition for writ of habeas corpus, the court finds that petitioner has failed to exhaust state court remedies with respect to some of his

1

1  claims.  Accordingly, the petition is mixed containing both exhausted and unexhausted claims.

2           Petitioner has two options.  Within thirty days petitioner may: (1) file a second
3  amended habeas application omitting all claims except those claims which have been presented
4  to and rejected by the California Supreme Court;[1] or (2) file a request to stay this action pending
5  the exhaustion of state court remedies with respect to the unexhausted claims.  Petitioner is
6  informed that to be entitled to a stay, he must show good cause for his failure to exhaust earlier,
7  and that the unexhausted claims are potentially meritorious.  Rhines v. Weber, 544 U.S. 269
8  (2005).  Petitioner's failure to comply with one of these alternatives within thirty days will result
9  in a recommendation that this action be dismissed.

10          In accordance with the above, IT IS HEREBY ORDERED that petitioner is
11 granted thirty days within which to inform the court how he wishes to proceed with this matter by
12 choosing one of the alternatives described above.  If petitioner fails to so inform the court within
13 thirty days, the court will recommend that this action be dismissed without prejudice.

Dated: January 31, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[2] will1588.mix_scrn

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court. In most cases, the one year limitations period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the limitations period is tolled while a properly filed application for state post-conviction or other collateral relief is pending.  28 U.S.C. § 2244(d).