1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

ANTONIO R. WILLIAMS,

No.  2:12-cv-1588 LKK CKD P

12

Petitioner,

13

v.

FINDINGS AND RECOMMENDATIONS

14

WARDEN, CALIFORNIA STATE
PRISON, LOS ANGELES COUNTY,

15
16

Respondent.

17
18

 Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for

19

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This case proceeds on the amended petition

20

filed April 15, 2013.  (ECF No. 23 ("Ptn.").)  Before the court is respondent's June 18, 2013

21

motion to dismiss the petition as untimely filed.  (ECF No. 26.)  Petitioner has filed an opposition

22

to the motion.  (ECF No. 27.)  For the reasons set forth below, the court will recommend that

23

respondent's motion be granted.

24

BACKGROUND

25

 On June 18, 2009, a jury found petitioner guilty of two counts of second degree murder

26

(Cal. Penal Code § 187(a)[1]) and possession of a firearm by a felon (§ 12021(a)(1)).  The jury also

27
28

---

[1] Subsequent statutory references are to the California Penal Code unless otherwise indicated.

1

1   found true certain firearm enhancements (§§ 12022.53(b)-(d)).  On August 28, 2009, the trial

2   court sentenced petitioner to a prison term of forty years to life.  (Ptn. at 2; ECF No. 26-1 at 5.)

3         On January 21, 2011, the California Court of Appeal affirmed the judgment.  (ECF No.

4   26-1.)  On March 3, 2011, petitioner filed a petition for review in the California Supreme Court,

5   which was denied on April 13, 2011.  (ECF Nos. 26-2, 26-3.)

6         On August 31, 2011, petitioner filed a petition for writ of habeas corpus in the Northern

7   District Court.  (ECF No. 1.)  The case was subsequently transferred to the Eastern District Court.

8   (ECF No. 6.)  On August 31, 2012, the undersigned screened the petition and recommended that

9   it be summarily dismissed for failure to allege any violation of the Constitution or laws of the

10  United States under 28 U.S.C. § 2254(a).[2]  (ECF No. 15.)  Petitioner filed objections to the

11  findings and recommendations and was granted permission to file an amended petition.  (ECF

12  Nos. 16, 17.)

13        On January 17, 2013, petitioner filed his first amended petition.  (ECF No. 18.)  On

14  February 1, 2013, the undersigned determined that petitioner had filed a mixed petition and

15  directed him to either request a stay or file a second amended petition presenting only

16  unexhausted claims.  (ECF No. 19.)  Petitioner requested a stay, but the undersigned found that

17  petitioner had not made the required showing for a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S.

18  269 (2005), and directed petitioner to file an amended petition containing only exhausted claims.

19  (ECF No. 21.)

20        On April 15, 2013, petitioner filed the operative second amended petition.[3]  In screening

21  this petition, the undersigned wrote:

22

23  [2] As recounted in the screening order:  "In Ground One in his federal habeas petition, [petitioner]
    has written '2nd Degree Murder,' with the following supporting facts: 'Shearell Dillon died from
24  a gunshot wound to the chest.  Before dying, Shearell Dillon said the shot to her chest was by
    accident.'  As Ground Two, petitioner writes: 'Second Degree Murder of a Fetus,' with the
25  following supporting facts: 'Shearell Dillon was 4 months pregnant with my child.'  As Ground
    Three, petitioner writes: '25 to life gun enhancement,' with the following supporting facts: 'A
26  firearm was discharged in a murder.'"  (ECF No. 15, citing ECF No. 1.)

27  [3] As petitioner signed but did not date the second amended petition, the court cannot apply the
28  mailbox rule, i.e., construe the petition as filed upon signing.  (ECF No. 23 at 10.)

1
2
3
4
5

> While the amended petition is disorganized and appears to contain extraneous material, the court construes it to raise three claims: prosecutorial misconduct; trial court error in refusing to answer a juror's question during deliberation; and trial court error in admitting statements made by petitioner during a custodial interrogation.  Petitioner asserts that these alleged errors violated his federal right to due process.  He indicates that these three claims were exhausted in the California Supreme Court.

6   (ECF No. 24 at 2 (record citations omitted).)  Respondent filed the instant motion to dismiss in

7   response to this petition.  (ECF No. 26.)

8                    STATUTE OF LIMITATIONS UNDER THE AEDPA

9        Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and

10  Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v. Murphy, 521 U.S.

11  320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a

12  one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244

13  provides as follows:

14
15
16

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

17
18

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

19
20

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

21
22
23

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

24
25

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

26
27

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28  /////

1        The AEDPA statute of limitations is tolled during the time a properly filed application for

2   post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  The statute of limitations

3   is not tolled during the interval between the date on which a decision becomes final and the date

4   on which the petitioner files his first state collateral challenge.  Nino v. Galaza, 183 F.3d 1003,

5   1006 (9th Cir. 1999).  Once state collateral proceedings are commenced, a state habeas petition is

6   "pending" during a full round of review in the state courts, including the time between a lower

7   court decision and the filing of a new petition in a higher court, as long as the intervals between

8   petitions are "reasonable."  See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536

9   U.S. 214, 222-24 (2002).

10                                      ANALYSIS

11   I. Commencement of the Running of the Limitation Period

12        Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the

13   judgment became final by the conclusion of direct review or the expiration of the time for seeking

14   such review."  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  The statute

15   commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal

16   appeals in the state court system, followed by either the completion or denial of certiorari

17   proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by

18   the conclusion of all direct criminal appeals in the state court system followed by the expiration

19   of the time permitted for filing a petition for writ of certiorari.  Wixom, 264 F.3d at 897 (quoting

20   Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

21        Here, the California Supreme Court denied review of petitioner's appeal on April 13,

22   2011.  The time to seek direct review ended on July 12, 2011, when the ninety-day period to file a

23   petition for writ of certiorari with the United States Supreme Court expired.  Rules of the

24   Supreme Court of the United States, Rule 13.1.  The one-year limitations period commenced the

25   following day, July 13, 2011.  28 U.S.C. § 2244(d)(1); Fed. R. Civ. P. 6(a).  Thus the last day to

26   file a federal petition was July 12, 2012, plus any time for tolling.

27        As set forth above, petitioner commenced this action by filing a federal habeas petition on

28   August 31, 2011.  Had the case proceeded on this petition, AEDPA's time bar would not have

1   been an issue.  However, petitioner did not file his first amended petition until January 17, 2013,

2   and he did not file the operative second amended petition until April 19, 2013, more than nine

3   months after the limitations period ended.  In his motion, respondent contends that the instant

4   petition is time-barred because its claims do not "relate back" to the original petition.

5   II.   Relation Back

6          AEDPA's limitation period may be tolled while a petitioner seeks relief in the state courts.

7   Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

8   State post-conviction or other collateral review with respect to the pertinent judgment or claim is

9   pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2).

10  However, the limitation period is not tolled for the time a federal habeas application is pending in

11  federal court.  Duncan v. Walker, 533 U.S. 167, 181-182 (2011).  Thus, the question is whether

12  the claims in the second amended petition "relate back" to those claims in the original petition,

13  thus avoiding the harsh consequences of AEDPA's statute of limitation.

14         Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading

15  relates back to the date of the original pleading when "the claim or defense asserted in the

16  amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be

17  set forth in the original pleading."  The rule applies in habeas corpus proceedings.  Mayle v.

18  Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000).  In

19  Mayle, the United States Supreme Court held that relation back is in order if the claim to be

20  amended into the petition is tied to the original timely petition by "a common core of operative

21  facts."  Mayle, 545 U.S. at 664.  Conversely, the claim does not relate back when it asserts a new

22  ground for relief supported by facts that differ in both "time and type" from those the original

23  pleading set forth.   Id. at 650.  The Mayle court expressly rejected the Ninth Circuit's

24  interpretation of the rule that a claim relates back if it arises merely from the same judgment and

25  conviction.  Id. at 656–657.   "An amended habeas petition does not relate back . . . when it

26  asserts a new ground for relief supported by facts that differ in both time and type from those the

27  original pleading set forth."  Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (quoting

28  Mayle, 545 U.S. at 650).

In Hebner, the Ninth Circuit applied the Mayle standard to a habeas petition.  The court held that the prisoner's amended claims regarding improper jury instructions violating his due process rights did not relate back to his original claim regarding the admission of a witness testimony violating his due process rights because the two events were "separated in time and type."  Hebner, 543 F.3d at 1138 (internal quotations omitted).  The court explained that "the first claim focus[ed] on the admission of evidence . . . [while] the later claim [focused] on the instructions given to the jury, suggesting that they were separate occurrences."  Id. at 1139.

Moreover, "courts generally have declined to find that a newly added claim related back when the original claim involved similar issues but was based on actions taken by different people."  Whitehead v. Hedgpeth, 2013 WL 3967341, *5 (N.D. Cal. July 31, 2013) (collecting cases); see, e.g., Lopez v. Runnels, CIVS–03–0543 JAM DAD P, 2008 WL 2383952 (E.D. Cal. June 9, 2008) report and recommendation adopted, CIV S030543 JAM DAD P, 2008 WL 3200856 (E.D. Cal. Aug. 7, 2008) aff'd, 495 Fed. Appx. 855, at *18–19 (9th Cir. 2012) (petitioner's amended claim of ineffective counsel's failure to interview witnesses who could corroborate his claim of innocence did not relate back to petitioner's original claim of insufficient evidence to convict him since the original claim "stem[med] from the sufficiency of the evidence introduced at trial" while his amended claim "stem[med] from other distinct aspects of his trial and pre-trial proceedings.").  See also Morales v. Hedgpeth, No. 2:12-cv-0544 LKK KJN P, 2013 WL 5425153, *2 (Sept. 27, 2013) (claims in amended petition did not "relate back" to original claim and thus were untimely absent equitable tolling).

Here, the facts underlying the claims in the operative petition differ in "time and type" from the facts underlying the first petition, as the latter consisted of a list of petitioner's conviction offenses and did not allege any claims whatsoever or set forth any legal theories.  As the original petition in no way constituted notice of the instant claims, it cannot make the instant claims timely under the "relation back" doctrine.

Opposing dismissal, petitioner argues that he was granted leave to file the amended petitions and is entitled to relief.  (ECF No. 27.)  However, the fact that petitioner was permitted to file one or more amended petitions does not, by itself, make the operative claims timely under

1    AEDPA.  Thus the court will recommend that respondent's motion  be granted.

2          Accordingly, IT IS HEREBY RECOMMENDED THAT:

3          1.  Respondent's amended motion to dismiss the petition for untimeliness (ECF No. 26)

4    be granted; and

5          2.  This action be closed.

6          These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11   objections shall be served and filed within fourteen days after service of the objections.  The

12   parties are advised that failure to file objections within the specified time may waive the right to

13   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14   Dated:  October 7, 2013

                                             _____
15
                                             CAROLYN K. DELANEY
16                                           UNITED STATES MAGISTRATE JUDGE

17

18

19

20
     2 / will1588.mtd
21

22

23

24

25

26

27

28