UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO R. WILLIAMS, | No. 2:12-cv-1588 LKK CKD P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, CALIFORNIA STATE PRISON, LOS ANGELES COUNTY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 7, 2013, the magistrate judge filed findings and recommendations recommending that the court grant respondent's motion to dismiss this action as barred by the statute of limitations. The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.

/////

/////

1

Petitioner's conviction became final on July 12, 2011. Applying the mailbox rule[1], his original federal habeas corpus petition was filed in the United States District Court for the Northern District of California (Northern District) on August 25, 2011. See Attachment 1 to Petition (ECF No. 1-1) (Envelope stamped Received by CSP-Sac Mailroom on August 25, 2011). On August 31, 2011, a deputy clerk in the Northern District issued a notice to petitioner that the petition was deficient because he had not filed an in forma pauperis application and warning petitioner that a response was due within thirty days. (ECF No. 4.) Petitioner did not respond to the notice, and by order filed October 14, 2011, the petition was dismissed without prejudice and judgment was entered. (ECF Nos. 4, 5.)

On June 12, 2012, another ordered was issued by a judge of the Northern District construing a new habeas action filed by petitioner in that court as a motion to reopen the earlier filed action, vacating the judgment and order of dismissal, and reopening the dismissed action and vacating the judgment and order of dismissal. (ECF No. 6.) In the same order, the action was transferred to this court. Id.

Thereafter, on June 18, 2012, the magistrate judge issued an order requiring petitioner to pay the filing fee or file an in forma pauperis application. On June 29, 2012, petitioner filed a notice of change of address, and on August 7, 2012, the magistrate judge's June 18, 2012 order was re-served on petitioner at his new address of record. On August 27, 2012, petitioner filed a motion to proceed in forma pauperis. On August 31, 2012, the magistrate judge screened the original petition and, without granting leave to amend, recommended it be summarily dismissed because petitioner had not alleged any federal law violations "and the factual and legal grounds of his claims cannot be determined from the petition." Findings and Recommendations filed August 31, 2012 (ECF No. 15) at 2. Petitioner filed objections to the findings and recommendations, and on November 1, 2012, the findings and recommendations were vacated and petitioner was granted sixty days to file an amended petition. See Order filed November 1, 2012 (ECF No. 17).
/////

---

[1] Houston v. Lack, 487 U.S. 266 (1988)

2

1    Again applying the mailbox rule, petitioner's first amended petition was filed December

2 14, 2012.  See Proof of Service appended to First Amended Petition (ECF No. 18) at 9.  It was

3 entered on the docket in this court on January 17, 2013.

4    On February 1, 2013, the magistrate judge issued an order finding that the first amended

5 petition was a mixed petition containing both exhausted and unexhausted claims and granted

6 petitioner thirty days in which to either file an amended petition raising only exhausted claims or

7 a request to stay this action pending exhaustion of state court remedies pursuant to Rhines v.

8 Weber, 544 U.S. 269 (2005).[2]   On February 19, 2013, petitioner filed a motion for a stay.  By

9 order filed  March 5, 2013, the magistrate judge denied the motion for stay by order.  The

10 magistrate judge found that petitioner had failed to show either good cause for his failure to

11 exhaust the unexhausted claims or that the unexhausted claims were potentially meritorious.  See

12 Order filed March 5, 2013 (ECF No. 21) at 1.[3]  The magistrate judge granted petitioner thirty

13 days to file an amended petition raising only exhausted claims.

14    On April 15, 2013, petitioner's second amended petition was entered on the docket.  (ECF

15 No. 23.)  It is not dated by petitioner and  there is no evidence when it was delivered to prison

16 officials for mailing.  By order filed April 19, 2013, the magistrate judge directed respondent to

17 respond to the second amended petition within sixty days; the motion to dismiss at bar was filed

18 June 18, 2013.  Petitioner filed an opposition to the motion on July 18, 2013.

---

[2] The magistrate judge's order does not describe a third option, the so-called Kelly procedure described in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  The Kelly procedure, which remains available after the decision in Rhines, see King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), permits a petitioner to dismiss unexhausted claims, seek a stay of the fully exhausted petition, and then seek to amend the stayed petition after state court exhaustion.  See King, 564 F.3d at 1135.  The Kelly procedure does not require a showing of good cause for the failure to exhaust in order to obtain a stay, but it is a "riskier" procedure because amendment of newly exhausted claims will only be permitted if they are timely.  Id. at 1140-41.

[3] On July 30, 2013, petitioner filed a notice of appeal from the magistrate judge's order denying his motion to stay this action, and a motion to this court for a stay pending appeal.  By order filed September 17, 2013, the magistrate judge construed that motion as another motion to stay pursuant to Rhines v. Weber and denied it as frivolous.  On October 24, 2013, the United States Court of Appeals for the Ninth Circuit dismissed petitioner's appeal for lack of jurisdiction.  To the extent petitioner's July 30, 2013 motion sought a stay pending appeal, it is now moot.

For the reasons set forth below, the court will not adopt the findings and recommendations presently before the court.

First, the contentions in petitioner's opposition to the motion to dismiss and those raised in the document that he filed in the Northern District in Case No. 12-2479 (RS) which led to the reopening of this action and its transfer to this court show that the magistrate judge should have considered whether petitioner is entitled to equitable tolling of the statute of limitations due to alleged external impediments to his ability to complete and file an in forma pauperis application or for any other reason. The doctrine of equitable tolling was not, however, considered by the magistrate judge.

Second, resolution of the question whether petitioner is entitled to equitable tolling of the statute of limitations and, if so, for what period, may implicate the question of whether the first amended petition, filed December 14, 2012, was timely and, if so, whether one or more of the claims in the second amended petition relate back to that petition.

The record before the court shows that petitioner filed his initial federal habeas corpus petition forty-four days after the statute of limitations started to run. The court agrees with the magistrate judge that the initial petition was defective. However, for reasons at least some of which may have been beyond petitioner's control, he was not granted leave to file an amended petition until fourteen months after he filed his initial petition. Whether he is entitled to equitable tolling for any of the time between the filing of his initial petition and his first amended petition must be addressed.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 7, 2013, are not adopted in full; and

2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: March 28, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4