UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO R. WILLIAMS, | No. 2:12-cv-1588 LKK CKD P |
| Petitioner, | |
| v. | ORDER AND AMENDED |
| WARDEN, CALIFORNIA STATE PRISON, LOS ANGELES COUNTY, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case proceeds on the amended petition filed April 15, 2013. (ECF No. 23 ("Ptn.").) Before the court is respondent's June 18, 2013 motion to dismiss the petition as untimely filed. (ECF No. 26.) Petitioner has filed an opposition to the motion. (ECF No. 27.)

    On October 7, 2013, the undersigned issued findings and a recommendation that the motion to dismiss be granted. (ECF No. 38.) On May 28, 2014, the district judge assigned to this action declined to adopt the findings and recommendations in full and referred the matter back to the undersigned to review whether the petition was subject to equitable tolling of the statutory limitations period. (ECF No. 43.) At the undersigned's behest, the parties filed supplemental briefs on the issue of equitable tolling. (ECF Nos. 46, 47.) While retaining portions of the

1

original findings, these amended findings address that issue. The court also addresses petitioner's pending motions for an evidentiary hearing. (ECF Nos. 48, 50.)

For the reasons set forth below, the court will recommend that respondent's motion to dismiss be granted.

BACKGROUND

On June 18, 2009, a jury found petitioner guilty of two counts of second degree murder (Cal. Penal Code § 187(a)[1]) and possession of a firearm by a felon (§ 12021(a)(1)). The jury also found true certain firearm enhancements (§§ 12022.53(b)-(d)). On August 28, 2009, the trial court sentenced petitioner to a prison term of forty years to life. (Ptn. at 2; ECF No. 26-1 at 5.)

On January 21, 2011, the California Court of Appeal affirmed the judgment. (ECF No. 26-1.) On March 3, 2011, petitioner filed a petition for review in the California Supreme Court, which was denied on April 13, 2011. (ECF Nos. 26-2, 26-3.) Petitioner's conviction became final on July 12, 2011.

The First Petition

Applying the mailbox rule, petitioner's original federal habeas corpus petition was filed in the United States District Court for the Northern District of California (Northern District) on August 25, 2011. (See ECF No. 1-1.) On August 31, 2011, a deputy clerk in the Northern District issued a notice to petitioner that the petition was deficient because he had not filed an in forma pauperis application. The notice included an in forma pauperis application and warned that if petitioner did not respond within thirty days, the case would be dismissed. (ECF No. 2.) Petitioner did not respond to the notice, and by order filed October 14, 2011, the petition was dismissed without prejudice and judgment was entered. (ECF No. 4, 5.)

On June 12, 2012, another order was issued by a judge of the Northern District construing a new habeas action filed by petitioner in that court as a motion to reopen the earlier filed action, vacating the judgment and order of dismissal, and reopening the dismissed action. (ECF No. 6.) In the same order, the action was transferred to this court. (Id.)

---

[1] Subsequent statutory references are to the California Penal Code unless otherwise indicated.

On June 18, 2012, the undersigned issued an order requiring petitioner to pay the filing fee or file an in forma pauperis application. (ECF No. 9.) On June 29, 2012, petitioner filed a notice of change of address (ECF No. 10), and on August 7, 2012, the June 18, 2012 order was re-served on petitioner at his new address of record. (ECF No. 18.) On August 27, 2012, petitioner filed a motion to proceed in forma pauperis. (ECF No. 14.)

On August 31, 2012, the undersigned screened the original petition and recommended it be summarily dismissed for failure to allege any violation of the Constitution or laws of the United States under 28 U.S.C. § 2254(a).[2] (ECF No. 15.) Petitioner filed objections to the findings and recommendations and, on November 1, 2012, they were vacated and petitioner was granted sixty days to file an amended petition. (ECF No. 17.)

The Second Petition

Per the mailbox rule, petitioner's first amended petition was filed December 14, 2012. It was docketed on January 17, 2013. (ECF No. 18.) On March 5, 2013, after denying petitioner's motion to stay this action to exhaust unexhausted claims, the undersigned granted petitioner thirty days to file an amended petition raising only exhausted claims. (ECF No. 21.)

The Third Petition

On April 15, 2013, petitioner's second amended petition was entered on the docket. (ECF No. 23.) It is not dated and there is no evidence when it was delivered to prison officials for mailing. On April 19, 2013, the undersigned directed respondent to respond to the second amended petition within sixty days. (ECF No. 24.) Respondent filed the instant motion on June 18, 2013. (ECF No. 26.)

////

---

[2] As recounted in the screening order: "In Ground One in his federal habeas petition, [petitioner] has written '2nd Degree Murder,' with the following supporting facts: 'Shearell Dillon died from a gunshot wound to the chest. Before dying, Shearell Dillon said the shot to her chest was by accident.' As Ground Two, petitioner writes: 'Second Degree Murder of a Fetus,' with the following supporting facts: 'Shearell Dillon was 4 months pregnant with my child.' As Ground Three, petitioner writes: '25 to life gun enhancement,' with the following supporting facts: 'A firearm was discharged in a murder.'" (ECF No. 15, citing ECF No. 1.)

## STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536

4

U.S. 214, 222-24 (2002).

ANALYSIS

I. Commencement of the Running of the Limitation Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

Here, the California Supreme Court denied review of petitioner's appeal on April 13, 2011. The time to seek direct review ended on July 12, 2011, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired. Rules of the Supreme Court of the United States, Rule 13.1. The one-year limitations period commenced the following day, July 13, 2011. 28 U.S.C. § 2244(d)(1); Fed. R. Civ. P. 6(a). Thus the last day to file a federal petition was July 12, 2012, plus any time for tolling.

II. Equitable Tolling

As petitioner did not file any state habeas petitions subsequent to his conviction becoming final, he is not entitled to statutory tolling of the limitations period. See 28 U.S.C. § 2244(d)(2).

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Id. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). The alleged extraordinary circumstances must have "proximately caused" the late filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Moreover, "the threshold necessary to trigger equitable tolling is very high, lest the exception swallow the rule." Miranda v. Castro, 292

1   F.3d 1063, 1066 (9th Cir. 2002).

2         Having reviewed the record of this action, the district judge agreed that petitioner's initial federal habeas petition was defective. The district judge noted, however, that, "for reasons at least some of which may have been beyond petitioner's control, he was not granted leave to file an amended petition until fourteen months after he filed his initial petition." (ECF No. 43 at 4.) As set forth above, petitioner filed his first federal habeas petition on August 25, 2011 and was granted leave to file a (first) amended petition on November 1, 2012.

      The district court directed the undersigned to consider whether, based on "the contentions in petitioner's opposition to the motion to dismiss and those raised in the document he filed in the Northern District in Case No. 12-2479 (RS) . . . petitioner is entitled to equitable tolling of the statute of limitations due to alleged external impediments to his ability to complete and file an in forma pauperis or for any other reason." (ECF No. 43 at 4.) Thus the undersigned reviews petitioner's contentions and the relevant events between August 2011 and November 2012, as they bear on whether petitioner's first amended petition was timely. (See id.)

      As noted above, the Northern District dismissed petitioner's first federal habeas petition on October 14, 2011 due to petitioner's failure to file an in forma pauperis application. On April 29, 2012, petitioner constructively filed a document in that court entitled "Reason why Writ of Habeas Corpus hasn't been filed within it's toll-time." (Case No. CV-12-2479 RS (N.D. Cal.), ECF No. 1.) In it, petitioner explained that he had not met the in forma pauperis deadline because in July 2011, he was transferred to a different prison and, due to a "mail mix up, . . .[t]he prison where I was housed did not receive the In Forma Pauperis form until two months after the form was mailed" on August 31, 2011. (Id.) Petitioner also cited a "race riot that resulted in a facility modified program." He further stated that "[t]here was no correctional officer in my housing unit that was willing to sign" the in forma pauperis application as required. (Id.) Petitioner did not submit a completed forma pauperis application with this filing.[3]

---

[3] Similarly, in his opposition to the motion to dismiss, petitioner asserts that he received the in forma pauperis application two months after it was mailed in August 2011. (ECF No. 27 at 1-2.) An attached exhibit shows an envelope addressed to petitioner and date-stamped November 18, 2011 in the CSP-Sac Mailroom. (ECF No. 27.)

After petitioner's re-opened case was transferred to the Eastern District, the undersigned on June 18, 2012 ordered petitioner (for the second time) to submit either the filing fee or an application to proceed in forma pauperis. The docket reflects that this order was served on petitioner. (ECF No. 9.) Petitioner subsequently filed a notice regarding extra copies of the petition and a change of address (ECF No. 10), but did not include a completed in forma pauperis application. After petitioner was transferred and the June 18, 2012 order and application were re-served on him in August 2012, he filed a completed application later that month. (ECF No. 14.)

Nothing in the subsequent record of this action could be considered an "extraordinary circumstance" warranting equitable tolling. On August 31, 2012, the original petition was screened and found deficient. (ECF No. 15.) On November 1, 2012, petitioner was granted leave to file a first amended petition (ECF No.17), which he constructively filed on December 14, 2012. (ECF No. 18.) The first amended petition did not "relate back" to the original petition, as it asserted new grounds for relief "supported by facts that differ[ed] in both time and type from those the original pleading set forth." Hebner v. MgGrath, 543 F.3d 113, 1138 (9th Cir. 2008), quoting Mayle v. Felix, 545 U.S. 644, 650 (2005). Thus the first amended petition was untimely on its face, as it was filed more than six months after the June 12, 2012 deadline. See Duncan v. Walker, 533 U.S. 167, 181-182 (2011) (limitation period is not tolled for the time a federal habeas petition is pending in federal court).

Was petitioner entitled to equitable tolling for some portion of the period between his filing of the initial petition in August 2011 and the first amended petition in December 2012? Petitioner argues that events "beyond his control" prevented him from pursuing this action between the Northern District's issuance of the in forma pauperis application on August 31, 2011, and petitioner's delayed receipt of it on November 18, 2011.[4] In the interim, petitioner's case was closed. The court will assume arguendo that this three-month period was equitably tolled.

---

[4] Respondent points out that petitioner did not notify the Northern District of his change of address as required by the Local Rules, and argues that his delayed receipt of the in forma pauperis application in November 2011 was due to his own lack of diligence. (ECF No. 47 at 6-7.)

1   At that point, however, despite being in receipt of an in forma pauperis application and an
2   order to file it, petitioner did not file the application, attempt to reopen the case, or otherwise
3   pursue his claims for five months, when he filed a document in a new action explaining why he
4   did not meet the earlier deadline.  Petitioner did not include his completed IFP application with
5   this April 2012 filing.  Moreover, after his case was reopened and transferred to the Eastern
6   District in June 2012, petitioner filed additional documents but still did not include a completed in
7   forma pauperis application.  Ultimately, petitioner did not submit this application until August 27,
8   2012.  His original petition was screened four days later.

9   On this record, petitioner did not show the requisite diligence to be entitled to equitable
10  tolling between November 2011 and the filing of his first amended petition in December 2012.
11  Thus, even factoring in three months of equitable tolling for the reasons discussed above, the first
12  amended petition was filed three months late.  As a result, it is irrelevant whether the second
13  amended petition "relates back" to the untimely first amended petition.  Either way, the second
14  amended petition is untimely.

15  III.  Evidentiary Hearing

16  Petitioner has filed two motions seeking an evidentiary hearing on equitable tolling.  (ECF
17  Nos. 48, 50.)  "A habeas petitioner ... should receive an evidentiary hearing when he makes a
18  good-faith allegation that would, if true, entitle him to equitable tolling."  Roy v. Lampert, 465
19  F.3d 964, 969 (9th Cir. 2006) (internal quotation marks and citation omitted).  Having reviewed
20  these motions, the undersigned concludes that petitioner's allegations do not warrant an
21  evidentiary hearing under this standard.

22  Accordingly, IT IS HEREBY ORDERED that petitioner's motions for evidentiary hearing
23  (ECF Nos. 48, 50) are denied.

24  IT IS HEREBY RECOMMENDED that:

25  1. Respondent's motion to dismiss the petition for untimeliness (ECF No. 26) be granted;
26  and

27  2. This action be closed.

28  /////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 21, 2014

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / will1588.mtd_2